UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

BILLY BIRD,                     )
                                )
        Petitioner,              )
                                )
    v.                           )        Case No. 05-4017
                                )
UNITED STATES OF AMERICA,        )
                                )
        Respondent.              )

## O R D E R

Before the Court is Billy Bird's ("Bird's") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, and Supporting Memorandum [Docs. ## 1, 4, 10]; the Government's Motion to Dismiss [Doc. # 8]; Bird's Traverse and Supporting Affidavits and Letters [Docs. ## 11, 12, 14-17]; Bird's Motions to Appoint Counsel [Docs. ## 6, 13]; and Bird's Motion for the Production of Transcripts [Doc. # 3]. For the reasons that follow, the Court will grant the Government's Motion to Dismiss and deny Bird's motions.

### BACKGROUND

On February 21, 2002, a grand jury indicted Bird, charging him with one count of manufacturing and attempting to manufacture methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); one count of maintaining a place for purposes of manufacturing methamphetamine, in violation of 21 U.S.C. § 856(a)(1); and one count of creating a substantial risk of harm to human life while manufacturing and attempting to manufacture methamphetamine, in violation of 21 U.S.C. § 858. On August 14, 2002, Bird entered his guilty plea pursuant to a written plea

agreement. On March 25, 2003, Attorney David Treimer was appointed to represent Bird as a result of Bird's request for new counsel. On May 8, 2003, Bird made an oral request to continue his sentencing hearing. On June 4, 2003, a status hearing was held by telephone, wherein Bird announced he would not be withdrawing his earlier plea. On July 17, 2003, prior to the sentencing hearing, an Addendum to Plea Agreement was filed in which the parties agreed that Bird would receive concurrent sentences of 240 months on each of the three counts. That same day, the Court sentenced Bird in accordance with the Plea Agreement and the Addendum to 240 months of imprisonment and 3 years of supervised release. No appeal was filed.

Bird filed his current section 2255 motion on February 10, 2005, alleging, inter alia, that "defense counsel misled [him] in regards to the basis of any appeal and subsequent post-conviction action." The Government has moved to dismiss Bird's section 2255 motion as untimely.

## ANALYSIS

Bird concedes that he failed to file his section 2255 motion within the statutorily prescribed period. See 28 U.S.C. § 2255. Instead, he argues that he is entitled to equitable tolling of the time limit for filing the motion because his counsel misled him into believing an appeal in his case was pending. In support of this contention, Bird has submitted several affidavits. Bird attests to the following:

> After my sentencing, I specifically explained to my then attorney, David R. Treimer (hereinafter Triemer (sic)), that I wanted to appeal the sentence. Attorney Treimer advised that I should not and would not have to file an

2

appeal because the government counsel will be filing a "Rule 35 motion" (quoting Treimer). It was the position of counsel Triemer (sic) that in exchange for cooperating the government counsel will cause my sentence to be reduced filing a rule 35 motion with the sentencing court. For that reason Treimer convienced (sic) me to put-off my desire to attack my sentence.

In 2003, I do not remember the month, I wrote Treimer a letter from prison. In it I made inquiry into the cooperation I gave and my sentence reduction the government was supposed to file for. Attorney Triemer (sic) did not answer my letter. Instead he took inquiries from my relatives (parents) on the matter

Attorney Treimer had explained to my parents and other family, that he was ". . . working on helping Billy [me] . . . and I [attorney Treimer] will have him back in court in two years." Meaning back getting his sentence reduced in two years. I heard nothing from attorney Treimer so I wrote him again in November 11, 2004. In this letter I explained to attorney Triemer (sic) that government counsel--upon my recent discovery of this; "Only has one year to file for a Rule 35 motion.". I explained in that same letter that that year was gone.

Counsel Treimer wrote me back, in response to the November 11, 2004 letter. In the letter he avoided any specifics, and failed to explain or really answer my letter. I wrote him before, back in 2003. In response to that letter he spoke with family and lead them to believe that an appeal of my sentence was in progress. Triemer (sic) had me and my family both believing that the Rule 35 issue was a part of the appeal and accepted all my other inquiry about my appeal and the issues as if he was actually entertaining them and would raised (sic) them or argue them for me. After, becoming doubtful as to what attorney Treimer was claiming he was doing, I wrote him again in December 2004. It was not until then that I realized that I had been misled by Treimer.

I allowed such a long period of time to toll before investigating the law, specifically, the rules about appeals because I was told by attorney Treimer and the prosecutor (whom I spoke to during my cooperation) before and after I was sentenced I will get relief from sentence I was serving. Also my Wife; my Mother; and my Father all called Triemer (sic) on several occasions, before and after I was sentenced. Each time Triemer (sic) made it

3

> appear and made statements that lead us all to believe that my sentence was being appealed by him. Triemer (sic) over and over again assured my parents that I would obtain a reduction in my sentence, but now he says that I was never promised anything. Which is a spin on words and facts. I never asserted that I was being promised a sentence reduction via cooperation, I was led to believe that an actual appeal was being sought in my case and I was looking for a Court ruling.

(Doc. # 10 at 1-3.) Bird also submitted the affidavits of several other individuals. These affidavits all state the following:

> I [affiant] was present in the court room when Billy Lee Bird Jr. signed a plea agreement with the prosecutor. At that time, the prosecutor and Mr. Bird's attorney told Mr. Bird that he would be brought back to court within 2 years of his sentencing date. Now Mr. Bird's attorney is telling Mr. Bird he was never promised anything. Even though everyone present heard the attorney tell Mr. Bird he would be back for a time reduction within 2 years. Now we are thinking it was said just so Mr. Bird would wait out the 2 years, so that his time would run out. And he wouldn't be able to file an appeal, or any other court proceeding. Because of the misleading of his attorney and prosecutor, we have called Mr. Bird's attorney on many occasions in the past. He has always assured us that Mr. Bird would be back within 2 years for a reduction. So this sentence reduction has to be followed through. Otherwise it was misleading not only to Mr. Bird, but misleading to his entire family.

(Id. at Ex. B-I.)

The Seventh Circuit has held that equitable tolling of the section 2255 statute of limitations is a remedy reserved for extraordinary circumstances far beyond the litigant's control that prevented timely filing. Nolan v. United States, 358 F.3d 480,483 (7th Cir. 2004); Modrowski v. Mote, 322 F.3d 965 (7th Cir. 2003); United States v. Marcello, 212 F.3d 1005,1010 (7th Cir. 2000). Further, equitable tolling is such exceptional relief that "we have yet to identify a circumstance that justifies equitable tolling in

the collateral relief context." Id.

Although Bird asserts that he told his attorney to file an appeal and that he believed an appeal was in the works, his affidavit belies this assertion. Bird acknowledges in his affidavit that he "put-off" his "desire to attack [his] sentence" because defense counsel had convinced him that "in exchange for cooperating the government counsel [would] cause [his] sentence to be reduced [by] filing a rule 35 motion with the sentencing court." Thus, it is evident from Bird's own affidavit that he acquiesced in his attorney's recommendation that he not file an appeal because of the possibility of relief under Rule 35. The other affidavits submitted by Bird also indicate that what Bird had discussed with his attorney was a "time reduction" and not an appeal. Moreover, the fact that Bird never received relief under Rule 35 does not entitle him to a delayed appeal, nor does it excuse his delay in filing his section 2255 motion. See, e.g., Lloyd v. Van Natta, 296 F.3d 630, 633 (7th Cir. 2002) (prisoner's lack of access to trial transcript does not warrant equitable tolling); Montenegro v. United States, 248 F.3d 585, 594 (7th Cir. 2001) (equitable tolling not justified by lack of response from attorney, language barrier, lack of legal knowledge, and transfer between prisons), overruled on other grounds by Ashley v. United States, 266 F.3d 671 (7th Cir. 2001); Marcello, 212 F.3d at 1010 (equitable tolling not warranted by unclear law and death of attorney's father); see also Brooks v. Walls, 279 F.3d 518, 525 (7th Cir.2002)(noting that little room remains for tolling unless the petitioner falls within one of the statutorily provided circumstances for tolling in 28 U.S.C. §

2244(d)).  Accordingly, the Court finds Bird's section 2255 motion is untimely.

## CONCLUSION

IT IS THEREFORE ORDERED that the Government's Motion to Dismiss [Doc. # 8] is GRANTED.

IT IS FURTHER ORDERED that Billy Bird's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. # 1] is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Bird's Motions to Appoint Counsel [Docs. ## 6, 13] and Bird's Motion for the Production of Transcripts [Doc. # 3] are DENIED AS MOOT.

CASE TERMINATED.

Entered this  12th  day of January, 2006.

                                                      s/Joe B. McDade
                                                    JOE BILLY McDADE
                                    United States District Judge